UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CLYDE WALLACE BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 11-CV-3206 |
| ) | |
| WILLIAM STRAYER et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff Clyde Wallace Bey is proceeding *pro se* and is currently incarcerated in Sangamon County Jail (the "Jail"). His complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

Plaintiff's complaint improperly joins many unrelated incidents at the Jail involving many different defendants. The only common thread appears to be that all of the incidents happened at the Jail. For example, Plaintiff alleges that he was assaulted on different occasions by different defendants over the span of months; that other defendants have written

1

him false disciplinary reports; that he has been punished unjustly; that the law librarian denied him access to the law library; that the doctor refused to give him prescribed pain medicine for a broken hand; that he is required to wear cuffs and shackles when out of his cell; that he has been denied commissary; and that a white detainee received a bed in the medical unit before Plaintiff.

Fed. R. Civ. P. 20(a)(2) states in relevant part that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." *See* George v. Smith, 507 F.3d 607 (7th Cir. 2007)("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner."). Plaintiff alleges that all the adverse incidents he

experienced at the Jail were motivated by retaliation, presumably for his various complaints and grievances, but these allegations are too vague to allow a plausible inference that all of these separate incidents and defendants are connected by the same retaliatory motive.  EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'")(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  If Plaintiff wishes to pursue claims for all these unrelated incidents against different defendants, he will need to pursue different lawsuits and have the $350 filing fee assessed for each lawsuit.

    The Court will accordingly dismiss this complaint and give Plaintiff an opportunity to file an amended complaint.

    For Plaintiff's benefit, the Court can discern one federal claim from the current complaint—the excessive force claim against Defendant Brian Carey based on an incident that occurred on September 30, 2010.  There may also be a separate excessive force claim against Defendant Ferro, for

an unspecified incident in December, 2010, but there are not enough facts alleged to make this determination.

A separate, unrelated claim against Dr. Lochard may also exist regarding the denial of prescribed pain medicine after Plaintiff broke his hand, but it is difficult to tell since Plaintiff did receive surgery on his hand and did receive alternative pain medicine, though the substituted medicine upset his stomach. Plaintiff is advised that medical negligence does not state a federal claim, Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001), and it is difficult to conclude from the allegations that Dr. Lochard might have been deliberately indifferent to Plaintiff's need for pain medicine. Deliberate indifference requires personal knowledge of an inmate's serious medical need and an intentional or reckless disregard of that need. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010).

Plaintiff also challenges his segregation, but segregation of a pretrial detainee for medical and administrative reasons does not violate the constitution. Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002)(placing detainee in segregation not as punishment but for "managerial reasons"

such as lack of space or to protect jail staff does not violate detainee's due process rights).  Similarly, Plaintiff's challenge to the shackles and handcuffs he must wear does not state a claim if the restraints are necessary to control Plaintiff or to protect others.  And, general harassment by officers or the denial of privileges like trips to the commissary do not alone amount to the kind of objectively serious deprivations that might be actionable under the Constitution.  <u>Sain v. Wood</u>, 512 F.3d 886 (7th Cir. 2008)(committed person entitled to "humane conditions" and the provision of "adequate food, clothing, shelter, and medical care").  Lastly, denials of library access alone do not state a constitutional claim.  To state a claim of denial of access to the court, Plaintiff must allege facts showing that he suffered concrete injury in a nonfrivolous case.  <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).

 The Court makes these comments so that Plaintiff is aware that many of his allegations do not appear to state a federal claim for relief.  At this point the only federal claim the Court can confidently discern is the excessive force claim against Defendant Brian Carey.  Plaintiff should

therefore carefully consider whether he states a federal claim before he files additional lawsuits.  Plaintiff will be assessed the $350 filing fee for each lawsuit filed, even if the lawsuit is dismissed for failure to state a claim.  Additionally, Plaintiff will incur a "strike" under 28 U.S.C. § 1915(g) if his case is dismissed for failure to state a claim.  Section 1915(g) bars a prisoner from proceeding in forma pauperis if he or she has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim.

IT IS THEREFORE ORDERED:

1. Plaintiff's complaint is dismissed without prejudice to refiling an amended complaint by November 4, 2011.  The amended complaint must include only allegations arising out of the same occurrences or series of occurrences against the defendants who were involved in those occurrences.

2. If the amended complaint states claims not properly joined, the court will sever those claims into new cases and will assess an additional filing fee for each new case.

3. If Plaintiff does not file an amended complaint by November 4, 2011, this case will be dismissed without prejudice.

4. The merit review scheduled for October 17, 2011, is cancelled. The clerk is directed to notify the Jail of the cancellation.

ENTERED:   October 12, 2011

FOR THE COURT:

                                              s/Sue E. Myerscough
                                              SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE